# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

STEVEN L. GRIFFIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL ACTION NO.: CV214-125

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. The Court **ADOPTS** the Report and Recommendation, as supplemented herein, as the Opinion of the Court. The Court **OVERRULES** Plaintiff's Objections and affirms the decision of the Commissioner of the Social Security Administration.

The Magistrate Judge set out the pertinent law and correctly applied that law to the facts of this case. Accordingly, the Court need not restate that analysis at length. However, the Court does briefly address Plaintiff's Objections. In his Objections, Plaintiff asserts the Magistrate Judge's Recommendation fails to consider evidence weighing against the

Administrative Law Judge's ("ALJ") credibility finding. Dkt. No. 17. Plaintiff further asserts the ALJ abused his discretion by failing to adequately explain his rationale for finding Plaintiff's disability had two separate onset dates. Id. at p. 2. For the reasons laid out below, these objections are unavailing.

In his Objections, Plaintiff argues that the ALJ's adverse credibility finding was arbitrary and capricious because he failed to consider the role Plaintiff's "Borderline Intellectual Functioning" ("BIF") played in his inconsistent testimony and tax evasion. Id. at p. 1. Plaintiff avers that his BIF caused him to forget his precise dates of employment from one hearing to the next, resulting in inconsistent testimony. Dkt. No. 13, p. 2. Plaintiff also argues that his BIF caused him to forget to pay his taxes. Id. at p. 3. Plaintiff further claims his subsequent and sustained effort to pay his unpaid taxes weighs against the ALJ's adverse credibility finding. Dkt. No. 17, p. 1. According to Plaintiff, because his BIF and efforts to correct his mistakes suggest that his inconsistent testimony and tax evasion was unintentional, the ALJ attributed too much weight to these factors in his credibility finding.

This Court's role is not to reweigh evidence or make an independent determination of a claimant's credibility. Rather, this Court's role is to ensure that the ALJ's determination is

supported by substantial evidence and that the proper legal standards are followed. The ALJ explicitly referenced Plaintiff's inconsistent testimony and record of tax evasion in his adverse credibility finding. Dkt. No. 11-2, pp. 19, 22. Further, the ALJ referenced medical records indicating Plaintiff's date of onset occurred later than Plaintiff claimed. Id. at pp. 20-21, 23. Because the ALJ cited these explicit and adequate reasons to support his credibility finding, the Magistrate Judge did not err by failing to reweigh the evidence or make an independent determination of Plaintiff's credibility.

Finally, Plaintiff asserts that the ALJ abused his discretion by failing to explain why he found two separate onset dates for Plaintiff's disability. Dkt. No. 17, p. 2. Specifically, Plaintiff argues that the ALJ's finding in his second decision that Plaintiff's claims of disability were credible as of March 10, 2010, was arbitrary and capricious in light of the ALJ's earlier finding that Plaintiff's claims of disability were credible as of July 15, 2008. Id. Plaintiff is correct that the ALJ did not include a separate explanation in his second decision narrowly addressing the shift of Plaintiff's date of onset from July 15, 2008, to March 10, 2010. However, and as the Magistrate Judge noted, the ALJ adequately explained the basis of his credibility finding and his determination that

3

Plaintiff's date of onset was March 10, 2010, in his second decision.

There are numerous reasons for the ALJ's revised determination of the date of onset. First, the Appeals Council disagreed with the ALJ's initial decision, prompting the ALJ to reconsider his finding that Plaintiff became disabled on July 15, 2008. Dkt. No. 11-3, p. 25. Second, during the ALJ's reconsideration of Plaintiff's claim, Plaintiff provided new, inconsistent testimony regarding his dates of employment. Dkt. No. 11-2, p. 22. Third, Plaintiff's medical records supported a finding of a later date of onset. Id. at pp. 20-21, 23. The ALJ's second decision clearly cites evidence refuting Plaintiff's claim that he became disabled before March 10, 2010. While the ALJ did not specifically discuss his prior credibility finding or his prior conclusion that Plaintiff became disabled on July 15, 2008, this evidence clearly triggered the shift in the ALJ's credibility finding, and by extension, the shift in Plaintiff's date of onset. Because the ALJ's reasons for finding a later date of onset were adequate and explicitly stated, he did not abuse his discretion by failing to frame these reasons as an explanation for the shift in his credibility finding.

For these reasons, Plaintiff's Objections are **OVERRULED**. The Court adopts the Magistrate Judge's Report and

4

Recommendation as the Opinion of the Court, and **AFFIRMS** the decision of the Commissioner of the Social Security Administration. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal.

**SO ORDERED**, this \_\_12\_\_ day of \_\_November\_\_, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA